UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANESETTA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05 C 6057 |
| | ) | |
| COOK COUNTY HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Cook County

Housing Authority ("CCHA") for partial summary judgment with respect to Counts III

and IV of the complaint of Plaintiff Janesetta Martin. For the reasons set forth below,

the motion is granted.

## BACKGROUND

According to the complaint, Martin is a former employee of CCHA; her tenure

lasted approximately 23 years. The last position she held was that of public housing

manager. In early December 2004, Martin had a heart attack that kept her out of work

until January 3, 2005, at which point she returned to work without medical restrictions.

Upon her return, she informed her supervisor that job stress had contributed to her heart attack.

Martin suffered a second heart attack on January 19. This time, she returned to work on February 7, 2005, again with no medical restrictions on her activities. Eight days later, she was fired. CCHA supplied no reason for terminating her employment.

In October 2005, Martin filed the instant suit against CCHA. The four-count complaint alleges violations of the Americans with Disabilities Act, retaliation in violation of Title VII, retaliatory discharge in violation of the Illinois Workers' Compensation Act ("IWCA"), and a civil rights claim under 42 U.S.C. § 1983. At the first status hearing, CCHA expressed a desire to answer the first two counts and move for judgment on the pleadings with respect to the second two. The latter, of course, would require that an answer be filed to close the pleadings before the motion was presented. Fed. R. Civ. P. 12(c). Instead of following this path, CCHA chose to move for summary judgment and injected matters beyond the scope of the complaint for our consideration. We provided notice to the parties on February 2, 2006, that we would construe the motion as one for summary judgment and provided Martin an opportunity to respond accordingly by February 23. She has not done so, nor has she requested an extension. Accordingly, we will consider the merits of the instant motion without her input.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

## DISCUSSION

### A.  Count III:  Retaliatory Discharge Claim

In Illinois, a claim for retaliatory discharge in violation of the IWCA must allege that an employee was discharged for exercising rights guaranteed by the IWCA.  See Jacobson v. Knepper & Moga, P.C., 706 N.E.2d 419, 493 (Ill. 1998).  CCHA's motion is predicated on the fact that Martin never filed a workers' compensation claim, so her discharge could not have been in retaliation for an act that did not occur.  Martin has neither disputed the assertion that she did not file a claim, nor has she provided any argument that an action she did take was connected to rights she was guaranteed by the state statute.  Consequently, CCHA is entitled to judgment on Count III.

### B.  Count IV:  Procedural Due Process Claim

Count IV alleges that Martin was entitled to a reason or due process before she could be discharged from her employment.  We construe this to be a contention that she was entitled to procedural due process in the form of notice and an opportunity to be heard on the issue of her discharge before CCHA terminated her employment.  CCHA's motion for summary judgment on this claim rests on the undisputed fact that Martin received nothing from the CCHA indicating that she had a legitimate claim of entitlement to continued employment with them.  In the absence of such a claim, there is no right to notice and hearing.  Cushing v. City of Chicago, 3 F.3d 1156, 1159 (7th

Cir. 1993). Without some action by CCHA to indicate that Martin had a legitimate claim of entitlement, she was not entitled to pretermination notice and hearing. Accordingly, CCHA's motion for summary judgment in its favor on this count is granted.

## CONCLUSION

Based on the foregoing discussion, CCHA's motion for partial summary judgment as to Counts III and IV of the complaint is granted.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:   March 10, 2006